IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  CASE NO**.: 09-06264 - PMG**

**STACY J. DUNHAM,**
        Debtor.
_____/

## AMENDED CHAPTER 13 PLAN

1. The future earnings or income of the Debtor(s) is submitted to the supervision and control of the Trustee.

2. The total of **$1,600.00** per month, for months **1 - 60** shall be submitted to the control of the Trustee for administration on behalf of creditors filing allowed claims, for a duration of **sixty (60) months**, i.e. the "life of the plan", or, alternatively, until all such claims are paid in full.

3. The Trustee shall make the following disbursements from the payments so received:

### A. PRIORITY CLAIMS

(1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments remitted under the plan.

(2) **The Law Offices of Keith D. Collier** has an administrative priority claim in the amount of $3,500.00. Upon confirmation the Trustee shall make payments of **$288.00** per month, for months **1-12** and **$44.00** for month **13,** with no interest, in order to satisfy this obligation. The Trustee shall also make payments of **$25.00** per month, for months **1-36,** for monthly administrative fees.

### B. SECURED CLAIMS

(1) **Community First Credit Union (Account Ending In #7992)** has the first mortgage on the Debtor's principal residence. The Trustee shall make the regular monthly payments of **$1,092.29** over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and/or potential escrow advances paid by this secured creditor. The total arrearage on the mortgage payments is $7,028.73, which includes late charges, reasonable pre-petition attorney's fees, and costs. The Trustee shall pay this creditor **$159.58** per month, for months **14-60**, toward the arrearage to bring the mortgage payments current over the life of the plan.

(2) **Community First Credit Union (Account Ending In #0002)** holds a security interest in the Debtor's 2005 Lexus ES330. In the amount of $7,817.56. The Trustee shall pay this creditor **$31.90** per month, for months **1-60**, which includes six percent (6%) interest, for the life of the plan to satisfy this obligation. **Totaling $9,287.82**

(3) **Sterling, INC – Jared Galleria of Jewelry (Account ending in #1159)** holds a security interest in goods sold to the debtor. **The Debtor Surrenders her interest in this property for the full satisfaction of the debt.**

(4) **Southeast Toyota Finance (Account Ending In #5360)** holds a security interest in the Debtor's 2006 Toyota Tundra**.** The Debtor surrenders her interest in this property for full satisfaction of this of this debt. Debtor's Husband is current on monthly payments and shall continue the regular monthly payments outside the plan.

(5) All secured creditors will retain their liens, pursuant to 11 U.S.C. 1325(a)(B)(i).

## C. UNSECURED CLAIMS

(1) Unsecured creditors, including those secured creditors having deficiency claims or whose liens have been avoided, shall receive distribution on a pro-rata basis after all administrative, priority and secured claims have been paid in full. The Trustee shall distribute the remaining monies paid into the plan, after payment of all other creditors under the plan, to said unsecured creditors.

(2) Any claim filed after the last date to file claims, shall receive no distribution under this plan unless specifically provided for above.

## D. GENERAL PROVISIONS

(1) The Debtor(s) does not reject any executory contracts.

(2) Title to all property in the estate shall re-vest in the Debtors upon confirmation of this plan.

(3) Except as provided for in the plan, Student Loans and as to the United States Department of Education, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or accessible by any creditor. 11 U.S.C. Section 1327(a) provides: "The provisions of a confirmed plan bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

(4) Except as outlined in paragraph (D) (3) above, once the Debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, no creditor will be allowed to add late charges, penalties, interest or attorneys' fees from the beginning of time through the date of discharge. Upon completion of this Plan, the Debtor's mortgage balance shall be deemed current as a matter law.

(5) Debtor(s) shall have 60 days after the deadline to file proof(s) of claim to file an objection or motion to value to any and all proof(s) of claim filed in this case whether any such proof(s) of claim was filed pre-confirmation or post-confirmation.

**DATED: September 18, 2009**　　　　　　　　　　　　The Law Offices of Keith D. Collier

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Keith D. Collier, Esquire
　　　　　　　　　　　　　　　　　　　　　　　　　　**KEITH D. COLLIER**
　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 0633771
　　　　　　　　　　　　　　　　　　　　　　　　　　2350 Park Street
　　　　　　　　　　　　　　　　　　　　　　　　　　Jacksonville, Florida 32204
　　　　　　　　　　　　　　　　　　　　　　　　　　(904) 696-DEBT (3328)/Fax: 981-8015
　　　　　　　　　　　　　　　　　　　　　　　　　　(386) 252-DEBT (3328)
　　　　　　　　　　　　　　　　　　　　　　　　　　Collier@KeithDCollier.com
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor(s)